Hoagland v. See.

| 40 | 469 |
| 55 | 239 |

PETER Q. HOAGLAND

*v.*

CORNELIUS S. SEE, assignee of Zabriskie.

A bill for an accounting and discovery alleges that in 1875 the defendant was appointed assignee for the benefit of the creditors of an insolvent, and that, although he had filed an account which passed, he had been grossly negligent in not filing an inventory, and in paying some creditors in full, to

the determent of complainant and other creditors, and in not declaring a dividend, and in not making a settlement, and in squandering the estate by needless litigation and the payment of exhorbitant counsel fees and for services which he should have rendered himself, and in not collecting the claims due the estate, and in refusing to exhibit his books of account on complainant's application. — *Held,* that a demurrer thereto should be sustained, on the gound that the orphans court has jurisdiction to compel the defendant to discharge his duty properly, and that complainant should have excepted to defendant's account when it was presented to, and allowed by that court.

On bill, demurrer, and notice to strike demurrer from the files..

*Mr. J. J. Bergen,* for complainant.

*Mr. E. D. Gillmore,* for defendant.

BIRD, V. C.

The bill shows that Zabriskie, being insolvent, made an assignment for the benefit of his creditors under the statute in such case made and provided, in October, 1875; that in 1878 See presented his first account as such assignee, but that it was not recorded until the year 1880, and after the filing and recording of a subsequent account; that the first account was duly allowed by the orphans court, by which it appears that he charged himself with $455.30, but has not charged himself for the inventory nor given any reason for not doing so; that in the account filed in 1880 he charged himself with the balance in hand of $664.-74, but has not in that account charged himself with the inventory, and has prayed allowance for payments to creditors, some of which are in full for the amount of their claims, so that the balance in hand for distribution has been largely and improperly reduced; that the said See has received large sums of money,. the precise amount of which the complainant does not know; that he has never made or declared any dividend; that the complainant has frequently applied to him for settlement and payment of what is due but that See has neglected to come to a settlement; that See has mismanaged the estate in his hands by needless litigation and the payment of unusual counsel fees, and that he

Hoagland *v.* See.

has paid other persons for services which it was his own duty to perform, and that he has not faithfully collected the moneys due to him as such assignee; that See refused to exhibit his books of account to the complainant when called upon by him for that purpose, and charges that upon a full accounting enough will be found in the hands of the said See to pay all lawful claims in full.   The bill prays for an accounting and for discovery.

The demurrer is for want of equity in the bill, and also that the account, named in the bill as having been presented to the orphans court and having been passed upon by the said orphans court, is conclusive upon the complainant.

Motion is made to strike this demurrer from the files because it is, in reality, frivolous.

Passing much that was said upon the discussion, I will notice the principal point presented in support of the bill.   It was that the power given by statute to the orphans court is inadequate to effect the relief which the complainant is entitled to.   If this be so, there can be no doubt but that this bill has been properly filed. Let us examine the case with the light which the bill itself, the arguments of counsel, the statute and reason shed upon it.   According to the bill and the insistment of counsel, what the complainant desires is a complete accounting and a dividend of the assets; this he insists he cannot accomplish in the orphans court for want of jurisdiction in that court.   My reading of the statute satisfies me that the remedy in the orphans court is not so inefficacious as is supposed.   The eighth section (*Rev. p. 38*) provides that, at the first term of the court succeeding the expiration of the time fixed for filing the list of creditors &c., and disputed claims are settled and adjudicated, the assignee shall make fair and equal dividends among the creditors, and as soon as may be, and not exceeding one year thereafter, shall render, on oath or affirmation, a final account to the orphans court of said county, in like manner and upon the same notice to creditors and others interested as is directed in regard to administrators and executors; it also provides that exceptions may be filed to such accounts, and directs the manner of hearing and of disposing of them.

The right of a creditor to call the assignee to an account in

the orphans court seems to be most ample under the section above referred to. But it is insisted that although this may be so, yet, since this court has concurrent jurisdiction, it will be eminently proper in this case for this court to take entire control of the cause. I do not at all favor such view. There is no showing of fraud in the orphans court, or under color of the proceedings therein, which would justify this court in withdrawing the case from that court. The irregularities in presenting, proving and passing the accounts, and the exorbitant charges by way of fees and for services, whether to counsel or to other persons, set forth in the bill, are all clearly within the province of the orphans court; and if there be error in any of those particulars it was clearly the duty of the complainant, as it was his right, to point them out in the orphans court by way of exceptions to the accounts containing them. There is nothing to justify him in allowing these opportunities to pass without improving them to make investigation, and then, after the lapse of years, to come into this court to review all the proceedings of the court below and to correct the supposed delinquencies of the defendant; it would require a strong case, indeed, to excuse such negligence.

The other point raised is more serious. I am doubtful whether the orphans court can compel the assignee to declare and make dividends. The complainant alleges that he has frequently requested the defendant to declare and pay him his proportion of the estate, yet, although he has paid other creditors their claims in full, he has refused to pay the complainant anything. Manifestly, this is highly unjust and inequitable, and ought not to be tolerated without sufficient cause. Can the person who is injured or aggrieved obtain redress in such case by compulsory process in the orphans court? It was very strongly urged by complainant's counsel that there is no adequate remedy in that court. I admit that there is much force in what was said, but, upon the whole, conclude that, by the twenty-third section of the act respecting assignments, the complainant is clothed with all the power essential to enforce his rights. Under that section the orphans court may, from time to time, by citation and attachment, compel the assignee to proceed to the execution of the

duties required by the act until a final settlement and distribution. Here is the power to compel both settlement and distribution, and to employ all the rigor or severity known to any court for that purpose. If this provision respecting distribution means anything, it seems to me that it embraces the case made by the complainant.

I will advise that the motion to strike out be denied, and that the demurrer be sustained, but without costs, because the demurrer was not certified by counsel, which omission was waived by counsel of complainant.